UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Johnson,<br><br>        Plaintiff,<br><br>  v.<br><br>B & R Dhuncy, Inc., a California Corporation; Gin Y Louie, in his individual and representative capacity as Trustee; and Yee P Louie, in her individual and representative capacity as Trustee,<br><br>        Defendants. | No. 2:13-cv-00893-GEB-AC<br><br>**DISMISSAL ORDER** |

On November 21, 2013, the parties filed a "STIPULATION FOR DISMISSAL . . . & ORDER THEREON," in which they state:

> this action may be dismissed with prejudice as to all parties; each party to bear his/its own attorneys' fees and costs. This stipulation is made as to the result of the settlement of the action.
>
> The court shall retain jurisdiction over all disputes between (among) the parties arising out of the settlement agreement, including but not limited to interpretation and enforcement of the terms of the settlement agreement.

(Stipulation for Dismissal 2:1-8, ECF No. 15.)

The parties mistakenly presume the Court will retain jurisdiction over this action to enforce the terms of their

1

private settlement agreement, which the Court has not seen. The parties have not shown why the Court should retain jurisdiction, and "the mere fact that the parties agree that the court [shall] exercise continuing jurisdiction is not binding on the court." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996); see also Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002) (observing that settlement of a federal lawsuit "is just another contract to be enforced in the usual way, that is, by fresh suit") (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378-82 (1994)) (additional citations omitted).

Further, in light of the parties' "settlement of the action" and agreement to dismiss this action with prejudice, (Stipulation for Dismissal 2:1-4), this action is dismissed with prejudice. See Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986) (explaining that "[t]he court reasonably concluded that the parties had the requisite mutual intent to dismiss the action with prejudice" when the court "f[ound] that the parties' . . . representations to the court agreeing to a dismissal with prejudice constituted a voluntary stipulated dismissal under Rule 41(a)(1)(ii)").

Dated: November 21, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2